UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | No. 14-cr-00009 (KBJ) |
| RALPH TERRY, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Defendant Ralph Terry is currently serving a 130-month sentence for conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (*See* Def.'s Suppl. Mot. to Vacate J. under 28 U.S.C. § 2255 ("Def.'s Mot."), ECF No. 47, at 5, 8–9.)[1] Before this Court at present is Terry's motion to vacate and correct his sentence under section 2255 of Title 28 of the United States Code. (*See id.*; *see also* Def.'s Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 37.) Terry contends that his sentence was unlawfully increased based on the "entirely meaningless and effectively inoperable" residual clause of the career offender guideline of the 2013 U.S. Sentencing Guidelines Manual. (*See* Def.'s Mot. at 3–4.) Terry also argues that his motion is timely under 28 U.S.C. § 2255(f), because he filed it less than one year after the Supreme Court decided *Johnson v. United States*, 576 U.S. 591 (2015)—a case that, in Terry's view, recognized a new right "not to be sentenced to increased punishment because of the residual clause[.]" (*See* Def.'s Mot. at 4; *see also id.* at 41–47.) The Government opposes

---

[1] Page-number citations refer to the page numbers that the Court's electronic filing system automatically assigns.

Terry's motion, arguing, *inter alia*, that the motion is time-barred "because *Johnson* does not apply to [Terry's] claim[.]" (*See* Gov't Opp'n to Def.'s Mot. to Vacate J. under 28 U.S.C. § 2255 & Suppl. Mot. to Vacate J., ECF No. 53, at 2; *see also* Gov't Notice of Suppl. Authority, ECF No. 59.)

The Court has carefully considered the parties' submissions and the relevant case law, and for the reasons discussed below, the Court concludes that Terry's motion is untimely under 28 U.S.C. § 2255, because the right recognized in *Johnson* does not apply to the residual clause of the career offender guideline. Accordingly, Terry's motion to vacate his sentence must be **DENIED.**

I.

At the time this Court imposed Terry's sentence in 2014, the U.S. Sentencing Guidelines categorized defendants convicted of a felony crime of violence or controlled substance offense as career offenders if they had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (2013). Under the Guidelines, a prior felony conviction under federal or state law counted as a "crime of violence" if, among other things, it "involve[d] conduct that presents a serious potential risk of physical injury to another[,]" *id.* § 4B1.2(a) (2013)—a catch-all definition commonly referred to as "the residual clause."

As the Court explained at Terry's sentencing hearing, Terry qualified as a career offender under the Guidelines based on his prior state-law convictions for fourth-degree burglary, second-degree assault, and possession with intent to distribute cocaine. (*See* Sentencing Hr'g Tr., Ex. A to Def.'s Mot., ECF No. 47-1, at 7–8; *see also* Final Presentence Investigation Report, ECF No. 28, ¶¶ 88, 89, 94.) As a consequence,

Terry's criminal history category increased by three points, raising his advisory Guidelines range from 70 to 87 months of imprisonment to 151 to 188 months of imprisonment.  (*See* Sentencing Hr'g Tr. at 8–9; Def.'s Mot. at 3.)  Although the Court ultimately imposed a sentence below the advisory Guidelines range in light of the parties' binding plea agreement, the Court noted that Terry's status as a career offender played a significant role in the Court's evaluation of his history and characteristics. (*See* Sentencing Hr'g Tr. at 21.)[2]

Approximately one year after Terry's sentence was imposed, the Supreme Court issued its decision in *Johnson v. United States*, which invalidated on vagueness grounds the Armed Career Criminal Act's residual clause—a provision that is identical to the career offender guideline's residual clause.  *See Johnson*, 576 U.S. at 593–95, 606. Notwithstanding the identical wording of the two provisions, however, the Supreme Court rejected a void-for-vagueness challenge to the residual clause of the career offender guideline in *Beckles v. United States*, 137 S. Ct. 886 (2017).  The *Beckles* Court explained that, unlike the Armed Career Criminal Act at issue in *Johnson*, "the advisory Guidelines do not fix the permissible range of sentences[,]" *id.* at 892, and thus "do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement[,]" *id.* at 894.  In so holding, the Supreme Court clarified that its decision in no way shielded the advisory Guidelines from "constitutional scrutiny" as a general matter; instead, the Court's decision simply held

---

[2] The Court's decision to impose a sentence below the advisory Guidelines range also took into account a forthcoming amendment to the Guidelines that would decrease Terry's offense level by two points and lower the applicable advisory Guidelines range to 130 to 162 months of imprisonment.  (*See id*. at 20–21.)

that "the advisory Sentencing Guidelines, including [the career offender guideline's] residual clause, are not subject to a challenge under the void-for-vagueness doctrine." *Id.* at 895–96.

Pointing to the Supreme Court's decisions in *Johnson* and *Beckles*, Terry argues that his sentence was "unconstitutionally, unlawfully, and unjustly increased based on an advisory Guidelines provision that, as the Supreme Court recognized for the first time in *Johnson*, was so meaningless that this Court could not objectively, fairly, and reliably apply it to him." (*See* Def.'s Mot. at 13–14.)  On that basis, Terry seeks relief under 28 U.S.C. § 2255, a provision of the Antiterrorism and Effective Death Penalty Act that permits federal prisoners to "move . . . to vacate, set aside or correct the[ir] sentence[,]" on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or . . . is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  For Terry's motion to be timely under section 2255, however, he must have filed the motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"  *Id.* § 2255(f)(3).[3]  Terry filed his motion within a year after the Supreme Court's decision in *Johnson*, and *Johnson* has been made retroactively applicable to cases on collateral review.  *See Welch v. United States*, 136 S. Ct. 1257,

---

[3] Under section 2255(f), a prisoner's motion to vacate his sentence will also be timely if filed within one year of "the date on which the judgment of conviction becomes final;" "the date on which the impediment to making a motion created by governmental action . . . is removed, if the movant was prevented from making a motion by such governmental action;" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. 2255(f)(1)–(2), (4).  Because Terry filed his motion over a year after his judgment of conviction became final and has not identified any impediment or newly discovered facts supporting his claim, none of these additional provisions applies. (*See* Def.'s Mot. at 41–47 (focusing only on section 2255(f)(3)); Gov't Opp'n at 13–14.)

1265 (2016). Thus, the timeliness of Terry's motion turns on whether *Johnson* in fact recognized the right that Terry asserts: namely, the general right "not to be sentenced to increased punishment *because of the residual clause* . . . in any case." (*See* Def.'s Mot. at 4 (emphasis added).) While the D.C. Circuit has not yet addressed this issue in a published opinion, three district judges in this jurisdiction have each concluded that the right recognized in *Johnson* does *not* extend to the residual clause of the career offender guideline, in light of the Supreme Court's subsequent holding in *Beckles*, *see United States v. Fogle*, No. 03-cr-187, 2019 WL 4750314, at *3 (D.D.C. Sept. 30, 2019); *United States v. Small*, No. 10-cr-112-4, 2019 WL 3290591, at *3 (D.D.C. July 22, 2019); *United States v. Upshur*, No. 10-cr-251, 2019 WL 936592, at *5 (D.D.C. Feb. 26, 2019), a view that the D.C. Circuit has confirmed in a recent unpublished order, *United States v. Fogle*, No. 19-3072, 2020 WL 1918273 (D.C. Cir. Apr. 9, 2020) (per curiam).

II.

This Court joins the chorus and concludes that Terry's motion is untimely, on the grounds that, per *Beckles*, the rule announced in *Johnson* does not apply to the residual clause in the career offender guideline. Stated simply, the Supreme Court's decision in *Beckles* makes clear that *Johnson*'s holding—that the Armed Career Criminal Act's residual clause is unconstitutionally vague—extends, at most, to "residual clauses that are subject to void-for-vagueness challenges," *Upshur*, 2019 WL 936592, at *5, and it also clarifies that the advisory Guidelines unequivocally do not fit that description. *See Beckles*, 137 S. Ct. at 892. Thus, it simply cannot be the case that *Johnson* announced a right "not to be sentenced to increased punishment" under the residual clause of the

advisory career offender guideline (*see* Def.'s Mot. at 4).  *See Fogle*, 2019 WL 4750314, at *3; *Small*, 2019 WL 3290591, at *3; *Upshur*, 2019 WL 936592, at *5; *see also, e.g.*, *Fogle*, 2020 WL 1918273; *United States v. Green*, 898 F.3d 315, 321 (3d Cir. 2018) ("[I]n light of *Beckles*, *Johnson*'s holding as to the residual clause in the [Armed Career Criminal Act] created a right only as to the [Armed Career Criminal Act], and not a broader right that applied to all similarly worded residual clauses, such as that found in the advisory Sentencing Guidelines."); *United States v. Brown*, 868 F.3d 297, 301–02 (4th Cir. 2017) (similar).

Undaunted, Terry contends that even if the Court does not accept his argument under section 2255(f)(3), his motion is still timely under a variety of equitable principles and exceptions.  None of Terry's arguments are persuasive.  To start, Terry points to section 2255(f)(1), which provides an alternative way to satisfy section 2255's statute of limitations—specifically, by filing the motion within one year of the date on which the conviction became final.  *See* 28 U.S.C. § 2255(f)(1).  Although Terry concedes that he filed his motion *more* than one year after his conviction became final, he argues that this one-year deadline should be equitably tolled, because he had no claim under existing Supreme Court precedent until *Johnson*, and he filed his motion shortly after that case was decided.  (*See* Def.'s Mot. at 48.)  This Court disagrees.  Equitable tolling is appropriate only when the defendant "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted).  And in the context of a section 2255 motion, "the equitable tolling standard focuses not on whether unfavorable precedent

6

would have rendered a timely claim futile, but on whether a factor beyond the defendant's control prevented him from filing within the limitations period at all." *See Head v. Wilson*, 792 F.3d 102, 111 (D.C. Cir. 2015) (internal quotation marks and citation omitted); *Upshur*, 2019 WL 936592, at *8.  Here, it appears that the only factor preventing Terry from filing his motion within the statute of limitations period was the unfavorable case law preceding *Johnson* (*see* Def.'s Mot. at 48)—a factor that is insufficient for purposes of equitable tolling, *see Head*, 792 F.3d at 111; *Upshur*, 2019 WL 936592, at *8.  What is more, Terry "did not actually accrue a claim under *Johnson*[,]" because, even though *Johnson* "raised a question as to the validity of the residual clause in the context of the career offender guideline[,] . . . it did not answer that question."  *Small*, 2019 WL 3290591, at *4.  And "[t]o the extent that [Terry] asserts that case law rejecting the argument that he seeks to make formed a barrier to him asserting this claim, that barrier remains."  *Fogle*, 2019 WL 4750314, at *3.  Therefore, the Court concludes that Terry is not entitled to equitable tolling.

    Terry next asserts that, even if his motion is untimely, the Court should permit him to proceed with his claim because he is "actually innocent of the sentence imposed." (Def.'s Mot. at 49.)  It is true that courts can "excuse procedural barriers to relief . . . when a constitutional violation probably has caused the conviction of one innocent of the crime[,]" *United States v. Baxter*, 761 F.3d 17, 28 (D.C. Cir. 2014) (internal quotation marks and citation omitted); however, the defendant must at least claim that he did not commit the offenses at issue in order for the actual innocence exception to apply, *see Bousley v. United States*, 523 U.S. 614, 623 (1998); *Upshur*, 2019 WL 936592, at *9–10.  And, in the instant case, Terry does not contend that he is

innocent of the prior felony convictions that gave rise to his career offender status; instead, he maintains only that such convictions are "legally ineligible for the recidivist sentencing enhancement applied to him[.]"  (*See* Def.'s Mot. at 50.)  Such a claim of legal insufficiency, standing alone, does not warrant application of the actual innocence exception.  *See Bousley*, 523 U.S. at 623.  And in the absence of any contention that Terry did not commit the crimes underlying the career offender enhancement, this Court concludes that Terry has failed to demonstrate the type of actual innocence that could excuse the untimeliness of his motion.  *See, e.g.*, *Upshur*, 2019 WL 936592, at *9–10; *see also Baxter*, 761 F.3d at 29 (noting that "[w]ithout a demonstration of actual innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim" (internal quotation marks and citation omitted)).

In a final attempt to circumvent section 2255's statute of limitations, Terry argues that section 2255(f) is unconstitutional as applied to him, because it violates the Suspension Clause of the Constitution, a provision that guarantees the "Privilege of the Writ of Habeas Corpus [will] not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it[,]" U.S. Const. art. I, § 9, cl. 2.  (*See* Def.'s Mot. at 50–53.)  Terry contends that, "to the extent that § 2255(f) bars [his] claim[,]" he will be left with "no meaningful opportunity to demonstrate that he is incarcerated 'pursuant to the erroneous application or interpretation of relevant law[,]'"—and will therefore be deprived of the exact privilege to which the writ of habeas corpus entitles him.  (*See id.* at 52 (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (internal quotation marks and citation omitted)).)  This argument need not detain the Court for

long, because section 2255's statute of limitations in no way prevented Terry from filing a section 2255 motion or otherwise deprived him of his right to seek habeas relief. Although Terry's motion may well have been denied had he filed it within one year of the date on which his conviction became final (and thus before the Supreme Court issued its decision in *Johnson*), the fact that his motion may have been unsuccessful or futile does not render section 2255(f) an unlawful suspension of the writ. *See Upshur*, 2019 WL 936592, at *10; *Small*, 2019 WL 3290591, at *5. Plus, even assuming for the purposes of argument that section 2255's statute of limitations did render Terry's motion an "inadequate or ineffective" means to "test the legality of [his] detention" (Def.'s Mot. at 52), the savings clause of section 2255 would permit him to file a habeas petition in the district where he is currently incarcerated, *see* 28 U.S.C. § 2255(e) (allowing federal prisoners to file a habeas petition under 28 U.S.C. § 2241 if section 2255's remedy "is inadequate or ineffective to test the legality of [their] detention"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (explaining that a defendant's petition for habeas corpus under 28 U.S.C. § 2241(a) must be filed in the district in which he is being detained). Thus, contrary to Terry's assertions, the Court cannot conclude that section 2255(f) "divest[s]" Terry of "his right to file a habeas petition" in contravention of the Suspension Clause. (*See* Def.'s Mot. at 53.) And, as a result, the Court has no basis on which to overlook the untimeliness of Terry's motion.

### III.

As set forth in the accompanying Order, and for the reasons explained above, this Court has determined that Terry's motion to vacate his sentence must be **DENIED**

as untimely under 28 U.S.C. § 2255(f).[4]

Date:  December 29, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[4] The Court notes that there is a related outstanding dispute over whether the collateral review waiver in the parties' plea agreement bars Terry's section 2255 motion in any event.  (*See* Gov't Opp'n at 2; Def.'s Suppl. Mem., ECF No. 56; Gov't Reply to Def.'s Suppl. Mem., ECF No. 58.)  The Government contends that Terry unequivocally waived his right to seek collateral review of his sentence (*see* Gov't Opp'n at 2; Gov't Reply to Def.'s Suppl. Mem. at 3–10), while Terry contends that any such waiver is unenforceable (*see* Def.'s Suppl. Mem. at 1).  Given the Court's instant conclusion that Terry's section 2255 motion is untimely, it need not decide this waiver issue.